UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LONG, Individually and On Behalf of Minor Son, and<br><br>BARBARA LONG, Individually and On Behalf of Minor Son, and<br><br>JONATHAN LONG, and<br><br>MELISSA LONG,<br><br>           Plaintiffs,<br><br>v.<br><br>INSIGHT COMMUNICATIONS OF CENTRAL OHIO LLC d/b/a TIME WARNER CABLE, and<br><br>INSIGHT COMMUNICATIONS OF CENTRAL OHIO LLC,<br><br>           Defendants. | Civil Action No. _____<br><br>Judge _____ |

## NOTICE OF REMOVAL

Defendants Insight Communications of Central Ohio, LLC dba Time Warner Cable and Insight Communications of Central Ohio, LLC (collectively, "Time Warner Cable" or "TWC") hereby give notice that they are removing this action to this Court. The action is encaptioned *William Long, et al. v. Insight Communications of Central Ohio, LLC dba Time Warner Cable, et al.*, and was originally filed in the Geauga County Common Pleas Court. In support of its Notice of Removal, TWC respectfully represents as follows:

**I. JURISDICTION**

    1.    This action is removable to this Court under both federal question jurisdiction and on diversity grounds. 28 U.S.C. §§ 1331, 1332, 1334, 1441 and 1452.

## FEDERAL JURISDICTION

2. The Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1334. Plaintiffs allege a violation of federal law in Count 1, claiming that the defendants violated 18 U.S.C. §2701. Thus, federal question jurisdiction exists.

3. In addition, separate and apart from plaintiffs' federal allegations, the provisions of 18 U.S.C. §2701 also provide a complete defense to plaintiffs' other claims as well (as set forth in TWC's motion to dismiss to be filed in this action). Thus, federal question jurisdiction also exists on those grounds as well. *See, e.g, Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) ("in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues"); *Harrison v. Christus St. Patrick Hosp.*, 432 F. Supp. 2d 648, 650-51 (W.D. La. 2006) (federal question jurisdiction may exist where resolution of state law cause of action necessarily turns on construction of federal law).

## DIVERSITY JURISDICTION

4. This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332 because it involves citizens of different states and the alleged amount in controversy exceeds $75,000.

5. Plaintiffs seek in excess of $125,000 in total compensatory damages based on their allegations, which purport to seek damages of $25,000 for multiple plaintiffs under multiple causes of action. (*See, e.g.*, Complaint, p. 12, delineating claims). In addition, plaintiffs seek "punitive damages" in excess of $75,000 based on their allegations, which purport to seek "punitive" damages in excess of $25,000 for multiple plaintiffs under multiple causes of action. Plaintiffs also seek all costs, interest, and attorney's fees incurred in this action, which will also likely exceed $75,000. (*See, e.g.*, Complaint, Paragraph 82).

6. On information and belief, the plaintiffs reside in Ohio. (*See* Complaint, Paragraphs 1-5).

7. Based on the Complaint, the named defendants are "Insight Communications of Central Ohio, LLC dba Time Warner Cable" and "Insight Communications of Central Ohio, LLC," but the Insight entities are fraudulently joined and should be disregarded. The reference to "Time Warner Cable" as a "dba" necessarily refers to Time Warner Cable Midwest LLC.

8. Plaintiffs never allege that the named Insight entities did anything with respect to the plaintiffs or entered into any agreements with the plaintiffs. Instead, the plaintiffs simply allege that they named the Insight entities because "Time Warner Cable" is a fictitious name registered to Insight Communications of Central Ohio, LLC." (Complaint, paragraph 6).

9. Plaintiffs allegations fail to state a claim against the Insight entities and are wholly inaccurate. The real party in interest necessarily refers to Time Warner Cable Midwest LLC, which is licensed to do business in the state of Ohio, is the Time Warner Cable entity that is authorized by the Ohio Department of Commerce to provide cable video services (under the governing federal and local regulatory scheme, a cable operator may only provide service and construct a cable system after being authorized by the applicable franchising authority, 47 U.S.C. § 541), and entered into an agreement with plaintiffs. The applicable Video Service Authorization is attached as Exhibit A and is available at http://www.com.ohio.gov/documents/vsa_TimeWarner21.pdf. As between the proper parties to the action – *i.e.*, "Time Warner Cable" as Time Warner Cable Midwest LLC and the plaintiffs – there is complete diversity.

10. Time Warner Cable Midwest LLC is a Delaware limited liability company. Its members are Time Warner Cable Enterprises LLC (a Delaware limited liability company) and Time Warner Entertainment-Advance/Newhouse Partnership (a New York general partnership).

11. The sole member of Time Warner Cable Enterprises LLC is Time Warner Cable Inc., a Delaware corporation with its principal place of business in New York, New York.

12. There are two partners of Time Warner Entertainment-Advance/Newhouse Partnership: 1) Time Warner Cable Enterprises LLC, a Delaware limited liability company with its principal place of business in New York, and 2) Advance/Newhouse Partnership, a New York general partnership with its principal place of business in New York. Time Warner Cable Enterprises LLC has a single member, which is Time Warner Cable Inc., a Delaware corporation with its principal place of business in New York. Advance/Newhouse Partnership has two partners – A/NPC Holdings LLC, a Delaware limited liability company with its principal place of business in New York and its subsidiary, A/NP Holdings Sub LLC, a Delaware limited liability company with its principal place of business in New York. A/NPC Holdings LLC has two members – Newhouse Cable Holdings, LLC, a New York limited liability company with its principal place of business in New York, and Advance Communications Company LLC, a New York limited liability company with its principal place of business in New York. The sole member of Newhouse Cable Holdings, LLC, is Newhouse Broadcasting Corporation, a New York corporation with its principal place of business in New York. The sole member of Advance Communications Company LLC is Newark Morning Ledger Co., a New Jersey corporation with its principal place of business in New Jersey.

13. Accordingly, diversity jurisdiction over this action also exists under federal law.

## II. REMOVAL PROCEDURE

14. The Summons was issued by the Clerk of Courts on April 22, 2014 and TWC received a copy of the Summons and Complaint on April 28, 2014. Thus, this Notice of Removal is timely.

15. The United States District Court for the Northern District of Ohio is the federal judicial district embracing Geauga County Common Pleas Court and venue is therefore proper in this district.

16. TWC has attached a copy of all process, pleadings, and orders received from plaintiffs' counsel in the state court action. *See* Exhibit B.

17. The Notice of Removal is being served on plaintiffs' counsel. TWC is also filing a Notice of Filing Notice of Removal in the state court action, a copy of which is attached as Exhibit C. TWC will also promptly provide written notice of removal of this action to all parties.

18. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

Respectfully submitted,

/s/ Jeffrey J. Jones
Jeffrey J. Jones (0030059)
jjjones@jonesday.com
Amy M. Ovecka (0091276)
aovecka@jonesday.com
JONES DAY
Street Address:
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215-2673
Mailing Address:
P.O. Box 165017
Columbus, OH 43216-5017
Telephone: (614) 469-3939
Fax: (614) 461-4198

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Notice of Removal was served by email and by ordinary, U.S. Mail postage prepaid, upon Charles V. Longo, Esq. and Matthew D. Greenwell, Esq., Charles V. Longo Co., L.P.A., 25550 Chagrin Blvd., Suite 320, Beachwood, Ohio  44122, attorneys for plaintiffs, on this 21 day of May, 2014.

      /s/ Jeffrey J. Jones_____
      One of the Attorneys Representing Defendants

COI-1505577v2