UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LONG, Individually and On Behalf of Minor Son, and<br><br>BARBARA LONG, Individually and On Behalf of Minor Son, and<br><br>JONATHAN LONG, and<br><br>MELISSA LONG,<br><br>Plaintiffs,<br><br>v.<br><br>INSIGHT COMMUNICATIONS OF CENTRAL OHIO LLC d/b/a TIME WARNER CABLE, and<br><br>INSIGHT COMMUNICATIONS OF CENTRAL OHIO LLC,<br><br>Defendants. | Case No. 1:14-cv-1096<br><br>Judge Gaughan |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and applicable law, and for the reasons set forth in the accompanying memorandum in support, Defendants Insight Communications of Central Ohio LLC d/b/a Time Warner Cable and Insight Communications of Central Ohio LLC (collectively, "Time Warner Cable" or "TWC") hereby move to dismiss this action.[1]

---

[1] As set forth in TWC's motion to dismiss, the plaintiffs improperly named the wrong entities as defendants. The TWC entity that provides services to the plaintiffs is Time Warner Cable Midwest LLC.

Respectfully submitted,

/s/Jeffrey J. Jones
Jeffrey J. Jones (0030059)
jjjones@jonesday.com
Amy M. Ovecka (0091276)
aovecka@jonesday.com
JONES DAY
Street Address:
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215-2673
Mailing Address:
P.O. Box 165017
Columbus, OH 43216-5017
Telephone: (614) 469-3939
Fax: (614) 461-4198

*Attorneys for Insight Communications of Central Ohio LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LONG, Individually and On Behalf of Minor Son, and<br><br>BARBARA LONG, Individually and On Behalf of Minor Son, and<br><br>JONATHAN LONG, and<br><br>MELISSA LONG,<br><br>Plaintiffs,<br><br>v.<br><br>INSIGHT COMMUNICATIONS OF CENTRAL OHIO LLC d/b/a TIME WARNER CABLE, and<br><br>INSIGHT COMMUNICATIONS OF CENTRAL OHIO LLC,<br><br>Defendants. | Case No. 1:14-cv-1096<br><br>Judge Gaughan |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

The plaintiffs allege that TWC is their Internet Service Provider and that in this role it mistakenly responded to a law enforcement subpoena and identified them as the target of this subpoena. *See, e.g.,* Complaint, ¶¶ 13, 15, 16. The plaintiffs further allege that this was done as a result of a transcription error by TWC in that it investigated IP address 173.88.218.70 when it should have investigated IP address 173.88.218.170. *Id.* The lengthy IP address was one digit off. TWC acknowledges this good faith mistake and has apologized to the plaintiffs. While TWC regrets this error, it moves to dismiss this lawsuit because a good faith error in responding to a grand jury subpoena is protected by federal and Ohio law and cannot serve as a basis for

COI-1505369v6

imposing civil liability. This is consistent with federal and Ohio policy encouraging entities to respond to lawfully-issued subpoenas and to assist law enforcement in the investigation of potential criminal activity.

This action is therefore barred as a matter of law. TWC merely provided information to law enforcement authorities in response to a grand jury subpoena as it was required to do by law. That conduct is absolutely privileged in the circumstances present here under both federal and state law. Multiple provisions in the federal Stored Communications Act, part of the Electronic Communications Privacy Act (collectively, the "ECPA"), expressly allow companies to provide information to law enforcement authorities and prohibit any cause of action for providing such information in response to a subpoena. *See, e.g.*, 18 U.S.C. § 2707(e). Many federal courts have likewise held that the ECPA provides absolute immunity against any claims arising out of the provision of information to law enforcement authorities in accordance with the ECPA. *Sams v. Yahoo! Inc.*, 713 F. 3d 1175 (9th Cir. 2013) (applying immunity); *McCready v. eBay, Inc.*, 453 F. 3d 882 (7th Cir. 2006) (applying immunity); *Bansal v. Server Beach*, 2008 U.S. App. LEXIS 16020 (3rd Cir. 2008) (applying immunity).

Similarly, Ohio law likewise encourages parties to cooperate with law enforcement authorities and provides a privilege against any civil liability for doing so in good faith. *Jefferson v. Craveling,* Case No. 24206 (Ct. App. 9th Dist., March 18, 2009) (finding privilege applies); *Graham v. Byerly*, Case No. 5-04-09 (Ct. App. 3rd Dist., August 30, 2004) (finding privilege applies); *Paramount Supply Co. v. Sherlin Corp.*, 16 Ohio App. 3d 176 (Ct. App. 8th

Dist., June 18, 1984) (finding privilege applies); *Savoy v. Univ. of Akron*, Case No. 2010-11285 (Ohio Ct. Cl., July 10, 2013) (finding privilege applies).[2]

Accordingly, this action should be dismissed.

## II.     BACKGROUND[3]

### A.     Statement of Pertinent Facts

Time Warner Cable provides Internet, telephone, and cable television services to TWC customers in Ohio and elsewhere. Plaintiffs entered into a Time Warner Cable Residential Services Subscriber Agreement (the "Subscriber Agreement") in approximately 2008 for the provision of cable television, telephone, and Internet services from TWC or a predecessor entity. (Attached to the plaintiffs' complaint as Exhibit A.)

The Subscriber Agreement incorporates the Time Warner Cable Subscriber Privacy Notice (the "Subscriber Privacy Notice," collectively, the "Subscriber Contract") into the Subscriber Agreement. *See* Subscriber Agreement attached to Complaint as Ex. A, ¶ 11(a)–(c). Both the Subscriber Agreement and the Subscriber Policy Notice include explicit provisions reserving TWC's right (and obligation) to "comply with law" and "disclose personally identifiable information to a government entity . . . pursuant to certain legal process." *See* Subscriber Agreement, ¶ 11(d); Subscriber Privacy Notice attached to Complaint as Ex. A, ¶ 3. The Subscriber Privacy Notice also informs the subscriber that the Electronic Communications

---

[2] TWC respectfully submits that there is no sound basis on which this could be action filed and, for that reason, TWC asked the plaintiffs to withdraw the action to avoid unnecessary costs and expense, but they have not done so. Given the settled law protecting parties from civil liability for cooperating with law enforcement authorities, TWC maintains that this action violates Civil Rule 11 and Ohio Rev. Code 2323.51 (prohibiting frivolous filings and allowing recovery of damages). Other courts have found that analogous claims in which plaintiffs sought to impose liability for providing information to law enforcement authorities were "frivolous." *See, e.g., Jefferson,* Case No. 24206; *Bansal v. Server Beach*, 2008 U.S. App. LEXIS 16020 (3rd Cir. 2008) (applying immunity). TWC respectfully submits the same holds true here.

[3] TWC assumes certain facts alleged in the Complaint are true for purposes of this motion only. Nothing in this motion should be construed as an admission of such facts.

Privacy Act, among other things, may "impose an affirmative duty on us" to comply with applicable law.

In approximately March of 2012, Special Agent Richard Warner of the Bureau of Criminal Investigation, Investigation Division, Computer Crimes Unit was conducting a criminal investigation into possession and distribution of pornography over the Internet. On or about April 4, 2012, the Sheriff of Geauga County, Ohio, pursuant to a grand jury order from the Geauga County Common Pleas Court and in furtherance of Agent Warner's investigation, served a subpoena on TWC. The subpoena required TWC to furnish "[a]ny and all subscriber information on the following IP address: 173.88.218.170 on March 29, 2012 at 6:27 GMT." *See* Subpoena, attached hereto as Ex. A.

TWC conducted the IP address search as directed by the subpoena and provided the related subscriber information to the prosecuting attorney. When entering the IP address into their system, however, one digit was inadvertently omitted. The subpoena called for information relating to IP address 173.88.218.170 and TWC provided information for IP address 173.88.218.70 by accident. TWC receives a large number of subpoenas and works very hard to get all of them right, but TWC's system provided the wrong subscriber information as a result of the one-digit error. Agent Warner obtained a valid search warrant in furtherance of his investigation to conduct a search at the address provided by TWC. Upon their arrival, the investigating agents determined that they had the wrong address and left plaintiffs' residence.

### B. Procedural History

Plaintiffs filed their Complaint in the Court of Common Pleas for Geauga County, Ohio on April 21, 2014 and issued a summons dated April 22, 2014. TWC received the Complaint on April 28, 2014. Defendants removed the Complaint to federal court on May 22, 2014.

## III. LEGAL STANDARDS

In order to survive a Rule 12(b)(6) motion to dismiss, the Complaint must plead facts sufficient to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible only when a plaintiff alleges sufficient facts to support a "reasonable inference" that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Generally, when considering a motion to dismiss, a court must take the factual allegations in the complaint as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 768. Plaintiffs must plead more than the "mere possibility the defendant acted unlawfully," and must "nudge the claim 'across the line from conceivable to plausible.'" *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). The Court "need not . . . accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty.*, 702 F.3d at 867 (citing *Iqbal*, 556 U.S. at 678). In this case, plaintiffs' claims fail as a matter of law.

## IV. ARGUMENT

### A. Plaintiffs' Complaint Should Be Dismissed Because The ECPA Completely Bars Any Civil Action Arising Out Of Good Faith Compliance With A Grand Jury Subpoena.

The ECPA, embodied in 18 U.S.C. §§ 2701 *et seq.*, regulates "unlawful access to stored communications," 18 U.S.C. § 2701, but expressly permits cooperation with law enforcement authorities in the course of their investigations and prohibits any civil claims arising out of the provision of such information in good faith. Accordingly, plaintiffs' claims should be dismissed with prejudice.

18 U.S.C. § 2703(e) expressly provides:

> (e) No cause of action against a provider disclosing information under this chapter. <u>No cause of action shall lie in any court against any provider of wire or electronic communication service</u>, its officers, employees, agents, or other specified persons <u>for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter.</u>

(emphasis added; internal citations omitted).

Similarly, 18 U.S.C. § 2707(e) expressly provides a "complete defense" to any cause of action "under any law" where the responding party merely sought to provide information to law enforcement authorities in response to a grand jury subpoena in good faith:

> (e) Defense. <u>A good faith reliance on</u>–
>
> > (1) a court warrant or order, <u>a grand jury subpoena</u>, a legislative authorization, or a statutory authorization (including a request of a governmental entity under section 2703(f) of this title;
> >
> > (2) a request of an investigative or law enforcement officer under section 2518(7) of this title; or
> >
> > (3) a good faith determination that section 2511(3) of this title permitted the conduct complained of;
> >
> > <u>is a complete defense to any civil or criminal action brought under this chapter or any other law.</u>

(emphasis added; internal citations omitted). Thus, under the plain language of the ECPA, the Act provides a "complete defense" to any claims arising out the provision of information to law enforcement authorities in response to a grand jury subpoena.

Many federal courts have applied the immunity set forth in the ECPA to bar civil claims arising out of the provision of information to law enforcement authorities. In *Fayelynn Sams v. Yahoo! Inc.*, for instance, the United States Court of Appeals for the Ninth Circuit affirmed the dismissal of civil claims arising out of the provision of information to law enforcement authorities in response to a subpoena, finding that:

> § 2707(e) provides that "good faith reliance on . . . a grand jury subpoena" is "a complete defense" to any action brought under the SCA. 18 U.S.C. § 2707(e).
>
> ***
>
> Applying these principles to Yahoo!'s conduct here, we find that Yahoo! is statutorily immune from suit. First, Sams pled no facts sufficient to lead to a plausible inference that Yahoo! actually knew that these subpoenas were invalid. Sams' sole allegation that Yahoo! did not act in good faith is no more than threadbare recital of the language of § 2707(e), precisely the kind that we decline to credit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). Under *Iqbal*, such bald legal conclusions are not entitled to be accepted as true and thus "do not suffice" to prevail over a motion to dismiss.

713 F.3d 1175, 1180–81; *see also Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1020 (9th Cir. 2013).

Similarly, in *Kenneth A. McCready v. EBay, Inc., et al.*, the United States Court of Appeals for the Seventh Circuit affirmed the dismissal of civil claims for providing information to law enforcement authorities, again finding that:

> Good faith reliance on a subpoena is a complete defense to actions brought under the ECPA and SCA. 18 U.S.C. §§ 2520(d)(1), 2707(e).
>
> ***
>
> Therefore there is no indication that eBay acted in any fashion other than good faith, so that its compliance fails squarely within the statutory defense.

453 F.3d 882, 892 (7th Cir. 2006).

The United States Court of Appeals for the Third Circuit likewise reached the same result in *Akhil Bansal v. Server Beach, et al.*:

> As to Microsoft, we agree with the District Court that it has a complete defense against Bansal's claims, because it divulged his emails pursuant to a court order arising from his criminal prosecution. *See* 18 U.S.C. § 2707(e). Moreover, as the

> communications service provider for Bansal's email account, Microsoft is excepted from liability under the SCA. Accordingly, the District Court correctly dismissed Bansal's claims against Microsoft as frivolous pursuant to 28 U.S.C. § 1915(e).

285 F. App'x 890, 891–92 (3rd Cir. 2008) (internal citations omitted).

The same result applies here. Obviously, TWC simply made an innocent mistake by omitting one digit in a lengthy IP address in providing information in response to a grand jury subpoena as it was required to do by law. There is no conceivable basis for arguing "bad faith" or "malice" in responding to the subpoena and no conceivable basis for arguing that TWC did anything than undertake to provide information to law enforcement authorities in good faith. Accordingly, plaintiffs' claims are barred as a matter of law and the complaint should be dismissed.

**B.     Even Setting Aside the Absolute Immunity Provided Under the ECPA, Plaintiffs' Federal Claims Would Fail To State A Claim For Relief Under *Twombly*.**

Even setting aside the absolute immunity set forth in the ECPA—which bars plaintiffs' claims—their claims would fail as a matter of law under any scenario because they fail to state a claim for relief under *Twombly*. To the extent that 18 U.S.C. § 2707(a) allows any cause of action, it requires a "violation" in which *"the conduct constituting the violation is engaged in with a knowing or intentional state of mind…"* 18 U.S.C. § 2707(a) (emphasis added; internal citations omitted). As the Sixth Circuit noted, the Act requires knowingly wrongful conduct by "committing the act without grounds for believing it to be lawful, or flagrantly disregarding others' rights under the [Act]." *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 549 & n.7 (6th Cir. 2010). As the Sixth Circuit noted, the "standard is high, reserving civil liability only for those lapses which constituted an *extraordinary departure* from standards of reasonable

conduct." *Shearson v. Holder*, 865 F. Supp. 2d 850, 870 (N.D. Ohio 2011) (internal citations omitted).

Even setting aside the absolute immunity set forth in the ECPA, plaintiffs plead no facts that could possibly state a claim for relief under the standards required by the Act. The ECPA was designed to address wrongful violations of law with an *intentional or knowing state of mind*. Obviously, working to cooperate with law enforcement authorities—as TWC was required to do—would not state a claim for relief. Nor do plaintiffs plead any facts whatsoever that would state such a claim for relief. To the contrary, we *encourage* citizens and companies to cooperate with law enforcement authorities in good faith; we do not punish them for doing so through civil actions. Accordingly, that claim fails under any scenario.

### C. Plaintiffs' Claims Are Likewise Subject to Immunity Under Ohio Common Law.

Plaintiffs' claims additionally fail as a matter of law because Ohio common law prohibits lawsuits due to good faith disclosures to law enforcement. At the outset, the absolute immunity provided by the ECPA provides a "complete defense" against any civil claim "under any law." Thus, plaintiffs' claims are barred by the plain language of the Act and settled federal law. The ECPA preempts any state law claims that may be contrary to the Act. Moreover, even setting aside the immunity provided by the ECPA, Ohio—like every other state—*encourages* citizens and companies alike to cooperate with law enforcement authorities and provides a common law privilege against common law claims arising out of the provision of information to law enforcement authorities in good faith.

In *Graham v. Byerly*, for instance, the Ohio Court of Appeals expressly found:

> Private citizens are qualifiedly privileged to give information to proper governmental authorities for the prevention or detection of crime. *Paramount Supply Co. v. Sherlin Corp.* (1984), 16 Ohio App.3d 176, 16 Ohio B.186, 475 N.E.2d 197, paragraph two of the

> syllabus. The facts in the record reveal that the defendants provided the letters written by *Graham* to the prosecutor's office in connection with criminal charges against *Graham*, as well as some of the other defendants.

2004-Ohio-4530, at ¶ 13 (Ct. App. 3d Dist. 2004).

Similarly, another Ohio Court of Appeals explained:

> <u>Private citizens are qualifiedly privileged to give information to proper governmental authorities for the prevention or detection of crime.</u> *Popke v. Hoffman* (1926), 21 Ohio App.455. Prosser, Law of Torts (4 Ed. 1971) 791, Section 115. Reinstatement of the Law 2d, Torts (1977) 281, Section 598 in that situation, no recovery can be made for defamation, absent a showing that the speaker was moved by actual malice. *Id.*
>
> ***
>
> <u>Defendants presented no evidence that Paramount's manager was motivated by actual malice.</u> Rather, defendants attempted to infer malice from the manager's failure to investigate his suspicions personally. Actual malice cannot be inferred solely from the informant's failure to investigate, since he had no such obligation. The trial court did not err by granting summary judgment to dismiss this counterclaim.

*Paramount Supply Co. v. Sherlin Corp.*, 475 N.E.2d 197, 202–03 (1984).

Similarly, the Ohio Court of Claims explained:

> "<u>Private citizens are qualifiedly privileged to give information to proper government authorities for the prevention or detection of crime.</u>" *Paramount Supply Co. v. Sherlin Corp.*, 16 Ohio App.3d 176 (1984), paragraph two of the syllabus. <u>A qualified privilege "can be defeated only by a clear and convincing showing that the communication was made with actual malice."</u> *Jacobs v. Frank*, 60 Oho St.3d 111 (1991), paragraph two of the syllabus. "[A]ctual malice is defined as acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity." *Id.*

*Savoy v. Univ. of Akron*, 2013-Ohio-5928, at ¶ 23 (Ohio Ct. Cl. July 10, 2013)

Simply stated, Ohio recognizes the need to protect parties against civil claims arising out of the provision of information to law enforcement authorities. Of course, that only makes sense

as a matter of policy. If law enforcement authorities issue a grand jury subpoena to an Ohio resident, the public policy of the State expects the resident to fully comply without the fear of civil liability (absent a showing of actual malice). That settled doctrine likewise bars plaintiffs' claims here.

      **D.    Even Setting Aside the Immunity Set Forth in the ECPA and the Common Law Privilege That Encourages Residents To Cooperate With Law Enforcement Authorities, Plaintiffs' State Law Claims Fail Under *Twombly*.**

Separate and apart from the ECPA and common law privileges (both of which bar plaintiffs' claims), plaintiffs' state law claims also fail to state a claim for relief under *Twombly*. The plaintiffs' state law claims are entirely conclusory and would not survive the *Twombly/Iqbal* requirement that "well-pleaded facts" must support such conclusory allegations even if no immunity existed. *Iqbal*, 556 U.S. at 679. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting and interpreting Fed. R. Civ. P. 8(a)(2)).

At the outset, there is no cause of action in the State of Ohio for Count II, "Negligent Disclosure of Private Information." Plaintiffs apparently created that cause of action out of whole cloth. Nor can plaintiffs state a claim for invasion of privacy under Count III. The Ohio Supreme Court requires an "<u>intentional[ ] intru[sion]</u>, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be <u>highly offensive to a reasonable person</u>." *Sustin v. Fee*, 431 N.E.2d 992, 993–94 (1982). Moreover, "the affairs or concerns must be private to rise to be actionable as an invasion of privacy." *Moore v. Univ. Hosps. Cleveland Med. Ctr.*, 2011 U.S. Dist. LEXIS 131854, at *11 (N.D. Ohio Nov. 15, 2011). Providing information to law enforcement authorities in good faith in response to a grand jury subpoena cannot state a cause of action for "intentional" invasion of privacy that

is "highly offensive to a reasonable person." To the contrary, Ohio law encourages such cooperation with law enforcement authorities. And, under the terms of the Subscriber Contract, plaintiffs agreed that TWC would cooperate with law enforcement authorities. *See* Subscriber Agreement, ¶ 11; *see generally* Subscriber Privacy Notice. TWC "believe[d] in [its] discretion that [it was] required" to provide the information sought in response to the subpoena. Subscriber Privacy Notice, ¶ 3. Accordingly, that claim fails as a matter of law.

The same analysis applies to plaintiffs' intentional infliction of emotional distress claim (Count IV). Such common law claims require "intentional" wrongdoing that constitutes "outrageous" conduct "beyond the bounds of decency." The elements of the claim include:

> [T]he defendant intended to cause emotional distress, or knew or should have known that his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure.

*Lazette v. Kulmatycki*, 949 F. Supp. 2d 748, 762–63 (N.D. Ohio June 5, 2011) (quoting *Yeager v. Local Union 20*, 453 N.E.2d 666 (1983) (syllabus)). Other than parroting the elements of the claim in conclusory fashion, plaintiffs plead no facts that could possibly support such a claim under *Twombly*.

Finally, plaintiffs' breach of the subscriber agreement (Count V) fails on the same grounds. The Subscriber Agreement expressly gives TWC the authority to cooperate with law enforcement authorities. At the very outset, the Subscriber Agreement states that:

> TWC may (but has no duty to) disclose any information that it believes appropriate to protect its rights, comply with law, safeguard its personnel, property and operations, or where it believes that individual or public safety is in peril.

Subscriber Agreement, ¶ 11(d) (emphasis added).

Even more to the point, the Subscriber Privacy Notice, which is incorporated into the Subscriber Agreement, explicitly provides that TWC can comply with subpoenas pursuant to the terms of the ECPA:

> <u>Disclosure of Information to Governmental Entities and Other Legal Process.</u> Federal law also requires us to disclose personally identifiable information to a governmental entity or other third parties pursuant to certain legal process. . . . <u>[T]he Electronic Communications Privacy Act [ ] allows personally identifiable information to be obtained in some circumstances by governmental entities through a subpoena</u> . . . which impose[s] an affirmative duty on us to disclose certain information . . . . At times, laws like these or specific court orders may require that we not disclose to you the existence of demands for your personally identifiable information. We will honor these laws and orders. <u>We will comply with legal process when we believe in our discretion that we are required to do so.</u>

Subscriber Privacy Notice, ¶ 3 (emphasis added); *see also* Subscriber Agreement, ¶ 11(a)–(c) (incorporating Subscriber Privacy Notice into Subscriber Agreement). The Subscriber Contract could not state more plainly that TWC can, in its discretion, undertake to comply with law enforcement authorities in responding to subpoenas. Thus, there is no conceivable breach of contract action under Ohio law. Nor do plaintiffs state a claim for breach of contract under *Twombly*.

E. **Plaintiffs Also Named The Wrong Parties And Fail To State Any Basis For Doing So Under *Twombly*.**

In addition to failing to state a claim on the merits, plaintiffs also sued the wrong parties altogether. Plaintiffs sued Insight Communications of Central Ohio LLC d/b/a Time Warner Cable and Insight Communications of Central Ohio LLC (collectively, "Insight") under the theory that Time Warner Cable is a "fictitious" entity. Complaint at ¶ 6. Plaintiffs allege no other basis for naming the Insight defendants. *Id.* Plaintiffs do not allege that Insight entered into any agreements with plaintiffs and plaintiffs do not allege that Insight participated in any of

the conduct at issue. *Id.* Nor do plaintiffs attach a contract to their complaint with the Insight parties identified. Contrary to plaintiffs' allegations, Time Warner Cable is not a fictitious entity. Time Warner Cable Midwest LLC ("TWC LLC") is licensed to do business in Ohio and provides Internet, telephone, and cable television services to TWC customers in Ohio and elsewhere. If plaintiffs intended to sue the entity with which they have an agreement, that is the entity that should have been named. Plaintiffs' claims against Insight, however, should be dismissed under any scenario.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss all of Plaintiffs' claims with prejudice.

Respectfully submitted,

/s/Jeffrey J. Jones
Jeffrey J. Jones (0030059)
jjjones@jonesday.com
Amy M. Ovecka (0091276)
aovecka@jonesday.com
JONES DAY
Street Address:
325 John H. McConnell Boulevard, Suite 600
Columbus, OH 43215-2673
Mailing Address:
P.O. Box 165017
Columbus, OH 43216-5017
Telephone: (614) 469-3939
Fax: (614) 461-4198

*Attorneys for Insight Communications of Central Ohio LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2014, a copy of the foregoing Defendants' Motion to Dismiss was filed electronically. Notice of this filing and a copy of the foregoing Motion will be sent to the following counsel of record via email and regular U.S. Mail, postage prepaid. Parties may also access this filing through the Court's electronic filing system.

>Charles V. Longo Co., L.P.A.
>Matthew D. Greenwell
>25550 Chagrin Blvd., Suite 600
>Beachwood, OH 44122
>Telephone: (216) 514-1919
>Facsimile: (216) 593-0914
>cvlongo@cvlongolaw.com
>matt@cvlongolaw.com
>
>*Attorneys for William Long et al., Plaintiffs*

/s/ Jeffrey J. Jones
One of the Attorneys Representing Plaintiffs
Insight Communications of Central Ohio LLC
d/b/a Time Warner Cable and Insight
Communications of Central Ohio LLC