UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| William Long, et al., | ) | CASE NO. 1:14 CV 1096 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Insight Communications of Central Ohio | ) | Memorandum of Opinion and Order |
| LLC dba Time Warner Cable, et al., | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon defendants' Motion to Dismiss (Doc. 3). This case arises out of a search of plaintiffs' home resulting from the defendants providing plaintiffs' name to law enforcement officials. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiffs William Long (individually and on behalf of a minor son), Barbara Long (individually and on behalf of a minor son), Jonathan Long, and Melissa Long filed this Complaint in the Geauga County Court of Common Pleas against defendants Insight Communications of Central Ohio, LLC dba Time Warner Cable and Insight Communications of

1

Central Ohio, LLC (collectively referred to hereafter as TWC).[1] Defendants removed the case to this Court on the basis of federal question and diversity of citizenship. Plaintiffs state that an Amended Complaint was filed in the state court, prior to removal, which did not change the substance of the averments. This Court has not been provided a copy of the Amended Complaint.

The Complaint alleges the following. Plaintiffs entered into a service agreement with TWC in 2008 for internet and cable services wherein TWC was required not to disclose personal information it collected in providing services to its customers. On March 27, 2012, Special Agent Richard Warner of the Bureau of Criminal Investigation (BCI), Investigation Division in the Computer Crimes Unit, was conducting an online internet investigation to identify individuals possessing and sharing child pornography. An internet protocol address, known as an IP address, is a code of numbers that identifies a particular computer on the internet. Internet Service Providers (ISP), such as TWP, assign their customers IP addresses. While conducting his investigation, Agent Warner located a suspect using a public IP address of 173.88.218.170 (the .170 address) and found several hundred image and movie files titled consistent with child pornography. The IP address of plaintiffs' computers at that time was 173.88.218.70 (the .70 address).

Agent Warner downloaded the questionable material and determined that it was stored on the computer assigned the .170 address. On April 4, 2012, Agent Warner requested that Geauga County Prosecutors' Office issue a Grand Jury subpoena requiring TWC to provide subscriber

---

[1] The parties seem to agree that the proper entity is Time Warner Cable Midwest, LLC.

2

information for the .170 address. A subpoena was issued by the Prosecutors' Office and served on TWC requesting the information. TWC responded to the subpoena on April 11, 2012 and indicated that the .170 address was assigned to plaintiff Barbara Long. Based on this information, BCI obtained a search warrant for plaintiffs' residence. On April 20, 2012, BCI and local law enforcement personnel executed the search warrant on plaintiffs' residence. While searching the residence, the BCI agents determined that the IP address assigned to plaintiffs' TWC account was the .70 address and not the .170 address, as requested from TWC. The search was terminated and Agent Warner explained to plaintiffs that a mistake had been made by TWC. Agent Warner was later advised by TWC that it had "run the wrong IP address."

The Complaint sets forth five claims. Count One alleges a violation of the Electronic Communications Privacy Act (18 U.S.C. § 2701, *et seq.*) Count Two alleges negligent disclosure of private information. Count Three alleges invasion of privacy. Count Four alleges intentional infliction of emotional distress. Count Five alleges breach of contract.

This matter is now before the Court upon defendants' Motion to Dismiss.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences."

*Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### **Discussion**

TWC argues that it is entitled to dismissal because the ECPA bars any civil action arising out of the good faith compliance with a grand jury subpoena.

Title II of the Electronic Communications Privacy Act (ECPA) "regulates the disclosure of electronic communications and subscriber information. 18 U.S.C. §2701- 2711." *Guest v. Leis,* 255 F.3d 325 (6th Cir. 2001). §2702(a)(3) states that "a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service ... to any governmental entity." §2703 permits a governmental entity to require the disclosure of contents

of electronic communications by a provider. §2703(e) states that there is no cause of action against a provider "for providing information... in accordance with the terms of a... subpoena..." §2707(a) establishes a civil cause of action against a person who is "aggrieved by any violation of this chapter." But, that same section provides a statutory good faith defense, i.e., a defendant's "good faith reliance on ... a grand jury subpoena " provides "a complete defense to any civil or criminal action brought under this chapter or any other law."§ 2707(e).

TWC contends that as it merely provided information to law enforcement authorities in response to a grand jury subpoena as it was required to do by law, it is immune from the claims asserted against it despite its good faith mistake in responding to the subpoena. Plaintiffs argue that §2703(e) does not apply because TWC did not provide information "in accordance with the terms of a subpoena" when it disclosed plaintiffs' personal information rather than the information requested in the subpoena, i.e., the personal information associated with the .170 address. This Court finds that according to the plain meaning of "in accordance with the terms," a civil cause of action may lie where an ISP provides information for which the subpoena does not request- here, the personal information associated with a different ISP address than that identified in the subpoena.

But, § 2707(e), the good faith reliance defense, does not require that the information be provided "in accordance with the terms" of the subpoena. The Court agrees with TWC that the omission of this language shows that Congress intended a broader scope for this section. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or

5

exclusion."). A defendant may invoke the good faith defense "if he can demonstrate (1) that he had a subjective good faith belief that he acted legally pursuant to a court order; and (2) that this belief was reasonable." *Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638, 645-47 (E.D. Va. 2004) (quoting *Jacobson v. Rose,* 592 F.2d 515, 523 (9th Cir. 1978) (interpreting § 2520(d) of the ECPA which is nearly identical to § 2707(e)).  Although the Complaint alleges that TWC's conduct was "knowing, intentional, willful, wanton, malicious, and fraudulent," the Complaint alleges that Agent Warner "explained to plaintiffs that a mistake had been made by the ISP TWC" and that "Agent Warner was later advised by defendant TWC that they had 'run the wrong IP address.' " Therefore, the allegations of the Complaint show that TWC made a mistake, a typographical error, in responding to the subpoena. Given that § 2707(e) omits the language "in accordance with the terms of the subpoena," the intent of the statute was to provide a defense where a provider responds to a subpoena with a good faith belief that it was acting pursuant to that subpoena although a mistake was made in so responding.  To find otherwise would render the omission of the language meaningless.  To conclude that a mistake could negate the good faith defense would discourage the cooperation with law enforcement in providing information sought by a grand jury subpoena which public policy favors. In effect, a person could be punished for performing his legal duty in so cooperating.  This would be contrary to the purpose of the ECPA which is designed to address wrongful violations done intentionally.

For these reasons, the claims against TWC are dismissed. *Sams v. Yahoo! Inc.,* 713 F.3d 1175 (9th Cir. 2013) (The court affirmed dismissal of federal and state law claims finding that Yahoo! was statutorily immune from suit.) and *Bansal v. Server Beach*, 285 Fed.Appx. 890 (3d

6

Cir. 2008) (same).

Even assuming the good faith reliance defense did not bar plaintiffs' state law claims, they fail on the merits.

Count Two alleges negligent disclosure of private information.  Plaintiffs' brief states that the claim is based on Ohio Revised Code § 1347.10 which provides a civil cause of action for the intentional disclosure of personal information in a manner prohibited by law. For the same reasons stated above, the Complaint fails to establish that TWC acted intentionally in wrongfully disclosing plaintiffs' personal information.

Count Three alleges invasion of privacy which requires that the intrusion into private activities "be wrongful as well as done in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Strutner v. Dispatch Printing Co.*, 2 Ohio App.3d 377 (10th Dist. 1982).  The Complaint's allegations regarding TWC's mistake fail to state a claim for wrongful conduct meant to cause outrage or mental suffering.

Count Four alleges intentional infliction of emotional distress which requires, at a minimum, that "the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to plaintiff." *Cotten v. Ohio Dept. of Rehab. & Corr.,* 2014 WL 2781751 (Ohio App. 10th Dist. June 17, 2014) (citations omitted).  Again, the Complaint's factual allegations fall short of pleading the requisite intentional conduct.

Count Five alleges breach of contract based on plaintiffs' agreement with TWC.  This claim fails for the same reason the ECPA claim fails given that the agreement gives TWC the authority to cooperate with law enforcement authorities.  (Compl. Ex. 1 at ¶ 11(d), Ex. 2 at ¶ 3)

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss is granted.

IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge

Dated: 9/8/14